IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Criminal No. SAG-19-0585 |
| QUERIDA MORAN | : | |

**<u>MEMORANDUM AND ORDER</u>**

Querida Moran has filed a motion for reconsideration of her detention order due to the current pandemic outbreak of COVID-19. ECF 108. Ms. Moran was indicted on January 29, 2020 in a multi-defendant drug trafficking conspiracy in violation of 21 U.S.C. 846. ECF 47. A second corrected indictment was filed by the government alleging the same violation against Defendant on January 30, 2020. ECF 56. Defendant had an Initial Appearance before the Court on February 26, 2020. ECF 75. A detention hearing was held before me on March 2, 2020. ECF 83. After hearing argument from counsel, this Court entered an Order of detention on that same date. ECF 84. The Court made detailed findings of fact on the record, which were supplemented and summarized in the Court's Order. I found by clear and convincing evidence that no conditions or combination of conditions exist that would ensure the presence of the Defendant at trial or the safety of the community. I fully adopt and incorporate those findings now in this Order. I have carefully reviewed the pleadings filed in this motion and the supplemental filings of Defendant's counsel. For the reasons set forth previously on the record as well as in this Order, the motion is DENIED.

In her motion, Defendant again re-visits the facts related to the underlying offense. While it is correct that the Court stated that this was a "close call" as to detention, the factual basis provided by the government at the hearing was sufficient to support the finding of clear and convincing evidence. The arguments Defendant sets forth in her motion remain unpersuasive and still fail to rebut the presumption for detention. In fact, the government, given the opportunity to respond to the motion, shores up the factual basis with additional information that there is ample probable cause for the Court's findings. There is no doubt in this Court's experience that drug trafficking,

especially as to the facts in this case, presents a serious threat to the safety of the community. For that very reason, Congress established the presumption for detention in drug trafficking cases. As to the motion to reconsider the Court's analysis of the previous factors argued under 18 U.S.C. 3142(g), the motion to reconsider detention is DENIED.

The remaining issue for the Court is the impact of the present COVID-19 outbreak upon the Order of detention. Defendant alleges that the current outbreak of COVID-19 and positive tests of specific detainees at the DOC facility, where she is housed, demonstrate that Defendant is at a higher risk of infection while detained. The Defendant does not allege she has any specific medical risk factors such as asthma or other lung disease but has filed this motion for release solely based upon the greater risk of exposure and contraction of COVID-19 for persons in detention facilities.

This Court will treat the motion as a motion for reconsideration due to the changed circumstances of the COVID-19 outbreak. 18 U.S.C. 3142(f). My decision is an individualized assessment as to Querida Moran and pursuant to the motion and response, the record in this case and the arguments contained therein.

This Court has acknowledged and continues to acknowledge the tragic effects of the COVID-19 outbreak in our communities. The Court is constantly monitoring the conditions of persons who are detained at CDF and the DOC facilities in the District of Columbia. The outbreak of COVID-19 does not however relieve the Court of its responsibilities to ensure the presence of the Defendant at trial and more importantly, the safety of the community. 18 U.S.C. 3142. Counsel argues initially that 3142(i) is a vehicle in which the Court can temporarily release Defendant. The Court disagrees with this interpretation of 3142(i). It is this Court's position that 3142(i) is reserved for very limited purposes such as funeral attendance or other law enforcement (USMS) supervised activity, not release during a pandemic. While counsel has also made arguments under the Eighth

Amendment to the U.S. Constitution, Defendant is not serving a sentence, so this Court does an analysis under the 5th Amendment Due Process Clause.

In evaluating the COVID-19 change of circumstances, I incorporate other decisions of this Court, (*United States v. Martin,* 2020 WL 127857 (D.Md. March 17, 2020)) and its progeny of Orders set forth in the government's response, and most recently *United States v. Malik Gibson-Bey,* RDB 19-563. I fully adopt the reasonings and rulings of those Opinions and incorporate them into this Memorandum and Order as to Querida Moran. The Orders of this Court discuss the precautions and measures being taken by the facilities to safeguard the detainees and prevent the spread of disease. While having persons detained during a pandemic is not optimal, I find, as prior Judges of this Court have found, that the measures taken by the DOC are reasonable under the circumstances and the allegations raised by Defendant do not rise to the level of a constitutional violation of Due Process under the 5th Amendment.

The Defendant has offered her brother as a third party custodian and would consent to 24/7 lockdown on home detention. She does not provide any information to the Court regarding the residence, who is present, whether anyone is medically more susceptible to COVID-19, whether it is possible to self-quarantine or even socially distance herself. As to home detention, I have been advised by Probation and Pretrial Services that acceptable location monitoring is no longer available due to the risks to pretrial services personnel. Even if those conditions existed, this Defendant, who had just been released from supervision for a prior drug trafficking conviction, and now alleged to be trafficking heroin and fentanyl along with marijuana is not a candidate for home detention.

In weighing the evidence presented by the government as to the response of CTF to the COVID-19 outbreak, I find that releasing Defendant to home detention with Pretrial Supervision by clear and convincing evidence does not ensure the presence of the Defendant at trial and safety

of the public. The new circumstances of COVID -19 are but one factor to consider. I have fully considered the impact of COVID-19. The generalized risk factors Defendant presents do not outweigh the factors I have previously found requiring her continued detention.

Accordingly, the motion (ECF 108) is DENIED.

So Ordered this 3rd day of April, 2020.

_____/s/_____
A. David Copperthite
United States Magistrate Judge
